**WCI CABLE, INC.; Worldnet Communications, Inc.; Alaska Fiber Star, L.L.C.; WCI Lightpoint, L.L.C.; and WCIC Hillsboro, L.L.C., Plaintiffs,**

**v.**

**ALASKA RAILROAD CORPORATION; Alaska Railroad Corporation Board of Directors; Patrick Gamble, in his official capacity as President and CEO of Alaska Railroad Corporation; and Jacob Adams, Jack Burton, Carl H. Marrs, Joe Perkins, Deborah Sedwick in their official capacities as members of the Board of the Alaska Railroad Corporation, Defendants.**

No. CIV.02–179–BR.

United States District Court, D. Oregon.

March 22, 2002.

Fred M. Granum, Jonathan E. Cohen, Bullivant Houser Bailey PC, Portland, OR, David R. Goodnight, David M. Jacobson, Dorsey & Whitney LLP, Seattle, WA, Heather H. Grahame, Dorsey & Whitney LLP, Anchorage, AK, for Plaintiffs.

Mary Jo Heston, Lane Powell Spears Lubersky LLP, Seattle, WA, Lee C. Nusich, Lane Powell Spears Lubersky LLP, Portland, OR, Fredric W. Kessler, Nossaman, Guthner, Knox Elliott, LLP, Los Angeles, CA, for Defendants.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Defendants' Motion for Stay Pending Appeal of Eleventh Amendment Immunity Issue (# 37). For the reasons that follow, the Court **DENIES** Defendants' Motion.

478

## PROCEDURAL BACKGROUND

This action originated in the United States Bankruptcy Court for the District of Oregon. Plaintiffs are an affiliated group of corporate entities that own and operate a fiber-optic telecommunications network. Each Plaintiff filed a chapter 11 bankruptcy petition on August 20, 2001. Plaintiffs initiated this adversary proceeding against Defendants seeking a declaratory judgment and injunctive relief concerning fees due under certain permits issued to them by Defendant Alaska Railroad Corporation (ARC).[1] Defendants filed a motion to withdraw the reference with respect to this adversary proceeding. Pursuant to LBR 9033–1 and LR 2100–4, the bankruptcy court recommended this Court withdraw the reference and assume jurisdiction over the adversary proceeding. This Court then withdrew the reference, and the adversary proceeding now is pending in this Court.

While Defendants' motion for withdrawal of reference was pending, Defendants filed a motion to dismiss in bankruptcy court and asserted immunity under the Eleventh Amendment. The bankruptcy court judge denied that motion, and Defendants appealed. Pursuant to 28 U.S.C. § 158(c)(1) and LR 2200–2, Defendants objected to referral of that appeal to the Bankruptcy Appellate Panel and elected to have the appeal heard in this Court. This Court, therefore, has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a).

Defendants also filed in this Court a Motion for Stay Pending Appeal of Eleventh Amendment Immunity Issue. They ask the Court to stay all proceedings in this Court pending resolution of their appeal from the bankruptcy court order denying them immunity under the Eleventh Amendment.

## STANDARDS

■■■ The decision to grant or to deny a stay pending appeal of a bankruptcy court order rests in the discretion of the district court. *In re First South Savings Association,* 820 F.2d 700, 709 (5th Cir. 1987). In the exercise of its discretion, this Court applies a standard similar to the one employed when deciding whether to grant a preliminary injunction:

> In this circuit there are two interrelated legal tests for the issuance of a preliminary injunction. These tests are not separate but rather represent the outer reaches of a single continuum. At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor.

*Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir.), *rev'd in part on other grounds,* 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983).

## DISCUSSION

■■■ Defendants contend their appeal of the bankruptcy court order denying their motion to dismiss based on Eleventh Amendment immunity automatically divests this Court of jurisdiction and, therefore, requires a stay of all proceedings pending resolution of the appeal. Defendants rely on the collateral order doctrine originally adopted in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under the collateral order doctrine, certain interim orders are rendered final and immediately appealable under 28 U.S.C. § 1291. *Id.* at 546, 69 S.Ct. 1221. Section 1291 provides for appeals only "from all final

1. The permits allow Plaintiffs to place fiber-optic cable in ARC's rights-of-way.

decisions of the district courts." When a collateral order is appealed under § 1291, the district court is divested of jurisdiction to proceed with trial pending the appeal. *Chuman v. Wright,* 960 F.2d 104, 105 (9th Cir.1992). Here Defendants are appealing an order of the bankruptcy court pursuant to 28 U.S.C. § 158(a). No court has held an appeal to the district court under § 158(a) automatically divests the district court of jurisdiction to proceed with the rest of the case. Instead, whether to stay proceedings pending such an appeal is a matter within the district court's discretion subject to the criteria generally applied to decide motions for preliminary injunctions. *See In re First South Savings Association,* 820 F.2d at 704.

■■ To establish their entitlement to a stay, therefore, Defendants must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships "tips sharply" in Defendants' favor. *See Lopez,* 713 F.2d at 1435. The Court has reviewed the memorandum opinion of the bankruptcy court judge denying Defendants' motion to dismiss in order to assess Defendants' probability of success on the merits. Although this Court makes no ruling at this time as to the merits of Defendants' appeal, which is not yet fully briefed, the Court sees no obvious error in the bankruptcy court's opinion. The bankruptcy court found ARC waived its Eleventh Amendment immunity by invoking the bankruptcy court's jurisdiction in earlier proceedings involving Plaintiffs. When a state or arm of the state voluntarily invokes the jurisdiction of a federal court, it waives the defense of sovereign immunity. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 675, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). ARC voluntarily invoked the jurisdiction of the bankruptcy court when it objected to motions filed by Plaintiffs and requested affirmative relief in the form of adequate protection. ARC, therefore, appears to have waived any defense of sovereign immunity. Applying the preliminary injunction standard, the Court cannot conclude ARC is likely to succeed on the merits of its sovereign immunity claim.

Defendants also have not convinced this Court that the balance of hardships tips in their favor. Defendants' argument that judicial economy favors a stay pending appeal of the sovereign immunity issue is unavailing. If the Court allows the adversary proceeding to move forward during the limited time required for the Court to rule on Defendants' appeal of the sovereign immunity issue, Defendants will not suffer any undue hardship. If this Court affirms the bankruptcy court's decision, Defendants will have the right to seek review in the Ninth Circuit under the collateral order doctrine. On appeal to the Ninth Circuit under that doctrine, proceedings in this Court will be stayed automatically. On the other hand, if this Court reverses the bankruptcy court's order and finds ARC is immune from this adversary proceeding, ARC will be dismissed as a party long before this matter reaches trial.

### CONCLUSION

For these reasons, Defendants' Motion for Stay Pending Appeal of Eleventh Amendment Immunity Issue (# 37) is **DENIED.**

Defendants' Response to Plaintiffs' Motion for Summary Judgment (# 5) is due April 12, 2002, and Plaintiffs' Reply is due April 26, 2002. The Court will take Plaintiffs' Motion for Summary Judgment under advisement on April 26, 2002.

IT IS SO ORDERED.