**In re Richard A. FORD and Tonda L. Ford, also known as Tonda Yung, Debtors.**

**Richard A. Ford and Tonda L. Ford, Appellants,**

v.

**Duane H. Gillman, Trustee, Appellee.**

**BAP No. UT–05–036.**
**Bankruptcy No. 04C–28173.**

United States Bankruptcy Appellate Panel for the Tenth Circuit.

Jan. 20, 2006.

---

Thomas Neeleman (Jennifer L. Neeleman with him on the briefs) of Thomas D.

Neeleman, Esq., L.C., Salt Lake City, Utah, for Appellants.

Duane H. Gillman (Michael F. Thomson with him on the brief) of McDowell & Gillman, P.C., Salt Lake City, Utah, for Appellees.

Before CORNISH, BROWN, and McNIFF, Bankruptcy Judges.

### OPINION

McNIFF, Bankruptcy Judge.

The debtors appeal the bankruptcy court's order denying Tonda L. Ford's claim of exemption in proceeds from the settlement of a personal injury lawsuit (Order). The Order incorporated the bankruptcy court's findings of fact and conclusions of law entered on the record. We reverse and remand.

### I. Background

On December 18, 2003, Tonda L. Ford, one of the joint debtors, was injured in an automobile accident. She retained an attorney, Michael F. Richman, to pursue a personal injury action. On February 24, 2004, a Complaint (Civil Lawsuit) was filed on Mrs. Ford's behalf asserting negligence claims for relief against the other driver.

Although Mrs. Ford had obtained a paralegal certificate at the end of August 2003, at the time of the automobile accident she was employed as a project assistant in the medical malpractice division of a law firm, a non-paralegal position. Before attending paralegal training, Mrs. Ford worked for a law firm making copies. Mrs. Ford admitted that she knew personal injury lawsuits were exempt from a bankruptcy estate because she had been to paralegal school.

On May 19, 2004, the debtors filed a voluntary petition for relief under Chapter 7. They did not list the Civil Lawsuit on Schedule B or on the Statement of Financial Affairs and did not claim an exemption in the Civil Lawsuit on Schedule C. The bankruptcy case was closed as a no asset case on August 24, 2004.

Mr. Richman became aware of the filing of the bankruptcy case in August 2004. He notified Mrs. Ford's bankruptcy counsel of the pending Civil Lawsuit immediately. Appellants' Appendix at 47. On September 16, 2004, Mrs. Ford participated in a mediation of the lawsuit that resulted in a settlement of the claims for $50,000.00.

On October 11, 2004, Thomas Neeleman filed a "Motion to Reopen Chapter 7 Case" on Mrs. Ford's behalf. On December 2, 2004, following a hearing, the bankruptcy court reopened the case. The next day, December 3, 2004, the debtors filed amended schedules, listing the settlement of the Civil Lawsuit and claiming an exemption in the settlement proceeds. The Appellee, Duane Gillman, was appointed as the Chapter 7 trustee (Trustee).

The Trustee objected to the claimed exemption, the debtors responded, and the bankruptcy court held a hearing. Mrs. Ford was the only witness at the hearing.

Mrs. Ford testified that she did not list the Civil Lawsuit in the Statement of Financial Affairs because she believed the question requiring a list of all lawsuits to which the debtor is or was a party "pertained to people that were suing us and not anything that I was involved in," and "we had not gone to trial on this case or any mediation or anything." Appellants' Appendix at 126 & 124. Mrs. Ford also testified that she notified her bankruptcy counsel of the Civil Lawsuit before the mediation took place and as soon as Mr. Richman's paralegal told her it should have been scheduled.

Ruling from the bench, the bankruptcy court sustained the Trustee's objection to the claimed exemption. The bankruptcy court found the debtor knew the asset was exempt and made a conscious decision not to disclose it, and that the debtor had a motive for the concealment. The bankruptcy court concluded the failure to disclose the Civil Lawsuit was a "blatant dishonesty." Transcript at 31, Appellants' Appendix at 148. The bankruptcy court's written Order was entered April 28, 2005, followed by this timely appeal.

## II. Jurisdiction and Standard of Review

*Jurisdiction*

The debtors timely appealed the bankruptcy court's final judgment. Fed. R. Bankr.P. 8002(a). This Court, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts within the Tenth Circuit. 28 U.S.C. § 158(b)(1) and (c)(1). The parties have consented to this Court's jurisdiction because neither party has elected to have the appeal heard by the United States District Court for the District of Utah. Fed. R. Bankr.P. 8001(e).

*Standard of Review*

■■■■ We review the bankruptcy court's legal determinations *de novo* and its findings of fact, including those regarding intent to conceal, under a clearly erroneous standard. *Gullickson v. Brown (In re Brown),* 108 F.3d 1290, 1292 (10th Cir. 1997); Fed. R. Bankr.P. 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Exxon Corp. v. Gann,* 21 F.3d 1002, 1005 (10th Cir.1994) (quoting *Stegall v. Little Johnson Assoc., Ltd.,* 996 F.2d 1043, 1048 (10th Cir.1993)).

A bankruptcy court's findings must be supported by evidence in the record.

■■■■ We review the denial of an exemption under the abuse of discretion standard. *Calder v. Job (In re Calder),* 973 F.2d 862, 868 (10th Cir.1992). Under that standard, the trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction the lower court has made a clear error of judgment or exceeded the bounds of permissible choice. *Lang v. Lang (In re Lang),* 305 B.R. 905, 908 (10th Cir. BAP 2004) (quotation omitted), *aff'd,* 414 F.3d 1191, 1199 (10th Cir.2005).

## III. Discussion

The debtors claimed the settlement proceeds exempt under Utah Code Ann. § 78–23–5(a)(x) (2005). The bankruptcy court disallowed the exemption under the legal principles set forth in the *Calder* case and the legal analysis applied in the bankruptcy court case of *In re Grogan,* 300 B.R. 804 (Bankr.D.Utah 2003). The parties do not dispute that the bankruptcy court applied the correct legal analysis to the exemption issue, but dispute the correctness of the result.

In *Calder,* the Tenth Circuit Court of Appeals ruled that even though schedules may be amended as a matter of course, an amendment that claims an exemption may be denied if there is a clear and convincing showing of bad faith by the debtor or prejudice to the creditors. *In re Calder,* 973 F.2d at 867. In *Calder,* the debtor (an experienced bankruptcy attorney) failed for over four years to schedule $60,000 as an asset or to claim an exemption in those funds. The court found no abuse of discretion in the bankruptcy court's denial of the exemption under those circumstances.

■■■■ In *Grogan,* the bankruptcy court denied the debtor's amended claim of ex-

emption in personal injury settlement proceeds where the cash proceeds were discovered by the trustee in an undisclosed bank account, having been deposited by the debtors only days before the bankruptcy filing. The intentional concealment of assets bars an exemption claim after the assets are fortuitously uncovered by the trustee. *In re Grogan*, 300 B.R. at 808–09. The bankruptcy court concluded the failure to disclose the asset was the result of fraudulent intent and bad faith. However, the failure to disclose an asset may be considered an inadvertent mistake when the debtor either lacks knowledge of the undisclosed asset or has no motive for its concealment. *Id.* at 809 (citing *Mims v. Browning Mfg. (In re Coastal Plains, Inc.)*, 179 F.3d 197, 210 (5th Cir.1999) (applying inadvertence in context of judicial estoppel doctrine)).

■ In this case, the Court is compelled to conclude that the findings by the bankruptcy court, i.e., that the debtors had motive for concealment of the asset and that the failure to schedule the Civil Lawsuit was a "blatant dishonesty," are clearly erroneous. The bankruptcy court's denial of the amended claim of exemption based on those erroneous findings was an abuse of discretion.

In three areas, the evidence is contrary to the bankruptcy court's findings. First, Mrs. Ford's legal experience consisted of working in the medical malpractice division of a law firm for two months. She is not a person whom one would expect to have legal knowledge that a personal injury lawsuit was property of the bankruptcy estate. The uncontroverted evidence shows that she did not gain such knowledge until after the bankruptcy case was filed.

Second, neither the bankruptcy court nor the Trustee articulated the motive attributed to Mrs. Ford. Nothing in the record, not even argument, shows what Mrs. Ford hoped to gain from failing to schedule an otherwise exempt asset.

Third, evidence showing prejudice to the creditors is notably absent. The Trustee asserted at the appellate argument that the Civil Lawsuit contained property or other non-exempt damage claims that were property of the bankruptcy estate, but for the settlement entered into by Mrs. Ford. However, evidence of that is not in the record, and the Trustee did not raise the argument in the bankruptcy court.

The circumstances of this case fall far short of the egregious conduct found in *Calder* or *Grogan*. The settlement proceeds in this case were not fortuitously discovered by the trustee after attempted concealment by the debtors. Rather, the Civil Lawsuit was disclosed immediately when Mrs. Ford became aware of her obligation to do so, and the schedules were amended as soon as the bankruptcy case was reopened.

■ An asset is required to be scheduled even if exempt so that, among other things, the trustee can investigate the legitimacy of the exemption. And this Court is mindful that accurate disclosure is the foundation upon which a functioning bankruptcy system is based. Nonetheless, in this case the evidence does not support a finding of bad faith, illicit motive, or an intent to conceal an asset from the Trustee and the creditors.

## IV. Conclusion

The bankruptcy court's findings of motive and blatant dishonesty are clearly erroneous, and its denial of the claimed exemption was an abuse of discretion. This case is reversed and remanded for entry of an order consistent with this opinion.