**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

In re:

SCOTT R. BAKAY, also known as Scott
Ronald Bakay,

      Debtor,

------------------------

GEORGE DIAMOND; GEORGIA
DIAMOND,

      Plaintiffs-Appellants,

v.

SCOTT R. BAKAY,

      Defendant-Appellee,

and

DAVID. E. LEWIS, Trustee,

      Appellee.

No. 11-1373
(BAP No. CO-11-003
Bankr. No. 09-33358
Adv. No. 10-01155 - Chapter 7)
(D. Colo.)

ORDER AND JUDGMENT[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

Plaintiffs-appellants George and Georgia Diamond filed an adversary proceeding against Chapter 7 debtor Scott Bakay alleging that Bakay fraudulently induced them to loan him money.  The bankruptcy court entered summary judgment in favor of the Diamonds and declared the loan nondischargeable, but denied the Diamonds' postjudgment motion for prejudgment interest.  The Diamonds appealed this latter decision, and the Bankruptcy Appellate Panel of the Tenth Circuit (BAP) affirmed the decision of the bankruptcy court.  The Diamonds now appeal to this court.  Exercising jurisdiction pursuant to 28 U.S.C. § 158(d)(1), we affirm the bankruptcy court's decision.

I

The Diamonds and Bakay were neighbors in Denver, Colorado.  Bakay, who operated a mortgage company and helped the Diamonds refinance their home, convinced the Diamonds that he was also the president of Imperial World Developers, Inc. (IWD), a Colorado corporation that was purportedly developing a condominium tower project in Cancun, Mexico.  In October 2004, Bakay represented to the Diamonds that if they would

loan IWD $100,000, he would personally guarantee the obligation and that he and IWD would repay the Diamonds $200,000 within six months (i.e., by mid-April 2005) from the presales of condominium units. The Diamonds agreed to the proposed arrangement and entered into a written agreement prepared by Bakay.

As it turns out, Bakay's representations to the Diamonds regarding IWD and the Cancun condominium development were false. The money the Diamonds purportedly loaned to IWD was actually used by Bakay for his mortgage company. And the Diamonds were never paid the $200,000 promised to them by Bakay. Indeed, as of late 2009, the Diamonds had not recovered any of the money they had loaned to Bakay and IWD.

In November 2009, Bakay filed a Chapter 7 bankruptcy petition. The Diamonds in turn filed an adversary proceeding against Bakay seeking to have the $100,000 that they loaned Bakay declared a nondischargeable debt. The bankruptcy court ultimately granted the Diamonds' unopposed motion for summary judgment and declared the $100,000 loan nondischargeable. The bankruptcy court also ordered Bakay to pay the Diamonds interest on the debt from the date of the judgment.

The Diamonds filed a motion to amend the judgment, seeking prejudgment interest on their claim at the Colorado statutory rate of eight percent. The bankruptcy court denied the Diamonds' motion, concluding that the Colorado statutory interest rate was inapplicable because the Diamonds had sued on a claim of nondischargeable fraud, rather than for breach of the underlying loan agreement. The Diamonds then filed a second

motion to amend the judgment, this time seeking prejudgment interest at the federal rate from the time they loaned the money in October 2004. The bankruptcy court again denied the motion, concluding that "[e]quity preclude[d] an award of prejudgment interest" because the Diamonds had waited more than four years before taking legal action against Bakay. In other words, the bankruptcy court concluded that the Diamonds could "not unduly delay the prosecution of [their] case and, at the same time, be awarded prejudgment interest during that period." Aplt. App. at 106. The bankruptcy court also noted that the Diamonds could "not equitably request prejudgment interest on a loan with a criminally usurious interest rate of 200% which [wa]s well above the maximum legal rate of 45% in Colorado where the loan was made." Id.

The Diamonds appealed from this latter order. The BAP affirmed the bankruptcy court's decision. The Diamonds now appeal to this court.

II

"Although this appeal is from a decision by the BAP, we review only the Bankruptcy Court's decision." In re C.W. Mining Co., 641 F.3d 1235, 1240 (10th Cir. 2011) (internal quotation marks omitted). We review a bankruptcy court's award or denial of prejudgment interest for abuse of discretion. In re Inv. Bankers, Inc., 4 F.3d 1556, 1566 (10th Cir. 1993). An abuse of discretion occurs when the bankruptcy court's decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment. In re Lang, 414 F.3d 1191, 1199 (10th Cir. 2005). Any underlying "factual findings made by the bankruptcy court [are reviewed] for clear error." In re C.W. Mining

Co., 641 F.3d at 1240.

Under federal law, "prejudgment interest may generally be awarded if 1) the award of prejudgment interest would serve to compensate the injured party, and 2) the award of prejudgment interest is otherwise equitable." In re Inv. Bankers, 4 F.3d at 1566. "Thus under federal law prejudgment interest is ordinarily awarded, absent some justification for withholding it." U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1256 (10th Cir. 1988), overruled on other grounds as recognized by Anixter v. Home-Stake Prod. Co., 77 F.3d 1215, 1231 (10th Cir. 1996). That said, however, prejudgment interest "is not recoverable as a matter of right." U.S. Indus., 854 F.3d at 1256. Instead, "awards of prejudgment interest are governed by fundamental considerations of fairness." Id. (internal quotation marks omitted).

In this case, the bankruptcy court concluded that an award of prejudgment interest in favor of the Diamonds was not fair or equitable because, in part, the Diamonds had unduly delayed in filing suit against Bakay. Although the Diamonds assert that their delay in filing suit was attributable to Bakay's "continu[ance of] the lies and deceit," Aplt. Br. at 13, including his repeated promises to repay them, as well as Bakay's "leaving the country," id. at 10, we are unable to conclude that the bankruptcy court's conclusion on this point was arbitrary, capricious, or whimsical. As the BAP concluded in affirming the bankruptcy court's decision, "[t]he fact that [Bakay] made a number of misrepresentations regarding his intent and ability to pay th[e] debt some three years" after the Diamonds loaned the money "does not necessarily justify the Diamonds'

-5-

extensive delay in pursuing their legal rights." Aplt. App. at 115.

The bankruptcy court also concluded that an award of prejudgment interest in the Diamonds' favor was inequitable because the interest rate included in the underlying loan agreement was, in the bankruptcy court's words, "criminally usurious." Id. at 106. Although, like the BAP, we are uncomfortable with this characterization, we fully agree with both the BAP and the bankruptcy court "that the agreed rate of return on the Diamonds' money" under the terms of the underlying loan agreement "was outrageous," in that it "would have been . . . nearly 4.5 times the highest allowable rate of interest in Colorado." Id. at 116. We thus conclude that the bankruptcy court did not abuse its discretion in taking into account this factor in denying the Diamonds' request for prejudgment interest.

The order of the bankruptcy court denying the Diamonds' postjudgment motion for prejudgment interest is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

-6-