FILED
United States Court of Appeals
Tenth Circuit

May 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH O'TOOLE,

Plaintiff-Appellant,

v.

NORTHROP GRUMMAN CORP.,

Defendant-Appellee.

No. 12-2106
(D.C. No. 1:99-CV-01426-LH-ACT)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

This is the fifth appeal Joseph A. O'Toole has filed arising out of his breach-of-contract action against Northrop Grumman Corp. In our most recent decision, we remanded to the district court with a narrow mandate: award damages based on the quarter-by-quarter earnings rate for the U.S. Equity Fund through the date of the amended judgment; and gross-up the damages award consistent with the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

applicable tax rates.[1]  After considering the parties supplemental briefs, the district

court awarded Mr. O'Toole damages of $61,582.54, with a gross-up of $37,584.22.

Mr. O'Toole subsequently filed a post-judgment motion, arguing that he was entitled

to additional gross-up damages based on his tax liability for the damages award under

the Alternative Minimum Tax ("AMT") rates.  The district court denied the motion.

Mr. O'Toole now appeals from that denial.  Exercising our jurisdiction pursuant to

28 U.S.C. § 1291, we affirm.

## I.

We first have a duty to consider our jurisdiction.  *See In re Lang,* 414 F.3d

1191, 1195 (10th Cir. 2005); *Amazon, Inc. v. Dirt Camp, Inc*., 273 F.3d 1271, 1274

(10th Cir. 2001).  Mr. O'Toole seeks to raise two issues on appeal.  In the first issue,

Mr. O'Toole challenges the district court's determination that he should not receive

an additional damages award based on his tax liability under the AMT rates.  This

issue is properly before the court as Mr. O'Toole raised this issue in his

post-judgment motion and then timely filed a notice of appeal from the district

court's denial of that motion.

In the second issue, Mr. O'Toole challenges the district court's decision

denying his request to change the investment fund used to calculate his damages

award.  This issue is not properly before this court.  Mr. O'Toole made this request in

---

[1]      "'Gross-up' is the name given to an increase in the damage award to offset the
taxes that will be payable on the award."  *O'Toole v. Northrop Grumman Corp*.,
499 F.3d 1218, 1226 (10th Cir. 2007).

his supplemental brief on remand. In its final order awarding additional damages, the district court denied the request, explaining:

> Mr. O'Toole proposes the Court calculate his lost Savings and Investment Plan ("SIP") earnings using the earnings rate for funds other than the U.S. Equity Fund. The Tenth Circuit, however, ruled this Court did not err in finding that Mr. O'Toole would have left his money in the U.S. Equity Fund. Thus, this suggestion is rejected by the Court.

Aplt. App. at 19 n.1 (internal quotations marks and citations omitted). The Memorandum Opinion containing this ruling was filed on June 3, 2011, and a separate amended judgment was entered that same day.

Mr. O'Toole did not file a notice of appeal from the district court's amended judgment. In addition, Mr. O'Toole did not include this issue in his post-judgment motion. The scope of an appeal from the denial of a post-judgment motion "should be restricted to the questions properly raised by the post-judgment motion [and] should not extend to revive lost opportunities to appeal the underlying judgment." *In re Lang*, 414 F.3d at 1196 (internal quotation marks omitted); *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (explaining that an appeal from the denial of a post-judgment motion "raises for review only the district court's order of denial and not the underlying judgment itself"). Because Mr. O'Toole did not file an appeal from the underlying amended judgment, we lack jurisdiction to consider the fund-choice issue. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

II.

Mr. O'Toole argues that the district court erred in denying his post-judgment motion requesting additional damages based on the AMT rates. We review for abuse of discretion the district court's denial of Mr. O'Toole's post-judgment motion. *See Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005). Under this standard, we see no basis to reverse the district court's decision.

In the district court's Memorandum Opinion, the court applied the tax rates agreed upon by the parties to determine the appropriate amount to gross-up the damages award to offset Mr. O'Toole's presumed tax liability for the 2011 tax year. The court noted, however, that Mr. O'Toole had asserted that his tax liability for 2011 could be higher than the agreed-upon tax rates based upon the possibility of having to pay AMT rates. The court explained that in the event Mr. O'Toole's tax burden after he filed his 2011 tax return was higher than the tax burden calculated using the regular rates, the court would allow Mr. O'Toole to file a post-judgment motion to adjust the award accordingly.

In Mr. O'Toole's post-judgment motion, he asserted that he was entitled to additional damages because he had to pay AMT rates for both his 2011 and 2009 tax returns. The district court concluded, however, that "[t]he damages awarded to [Mr. O'Toole] have been adequately grossed up with the applicable tax rates." Aplt. App. at 363. We agree. Mr. O'Toole failed to show in his post-judgment

- 4 -

motion or on appeal that his tax burden for 2011 was higher because of the AMT rates. In fact, using the table he created, it appears as though the district court's gross-up award overcompensated Mr. O'Toole for his 2011 tax liability. The table shows that he had to pay $30,534 in taxes for 2011 based on the damages award, which is $7,000 less than the court's gross-up award of $37,584. *See* Aplt. App. at 359; Aplt. Reply Br. 8.

As for Mr. O'Toole's argument that he should be awarded additional damages based upon the AMT rates for his 2009 tax return, we see no abuse of discretion in the district court's decision not to consider this issue. The district court's June 2011 order spoke only of the possibility of an increase in Mr. O'Toole's tax burden for the 2011 tax year. Any request for additional damages for other tax years was outside of the scope of the district court's decision.

Finally, Mr. O'Toole complains that the district court erred by stating that his decision to utilize the AMT rates was "voluntary." Aplt. App. at 363. While the district court may have been imprecise in making that statement, the gross-up award more than covered Mr. O'Toole's 2011 tax liability. Accordingly, we affirm the district court's decision denying Mr. O'Toole's post-judgment motion.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge